# EXHIBIT A

| STATE OF MICHIGAN<br>THIRD CIRCUIT COURT<br> | **SUMMONS AND<br>RETURN OF SERVICE** | CASE NO.   09-007075-CH |
|---|---|---|

| COURT<br>ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | COURT<br>TELEPHONE NO. (313) 224- |
|---|---|

| THIS CASE ASSIGNED TO JUDGE:  **Jeanne Stempien** | **Bar Number: 31381** |
|---|---|

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| **Swaydan, Bassam** | **VS** | **GMAC MORTGAGE LLC** |

PLAINTIFF'S ATTORNEY

**Dakhlallah, Kassem Mohamad<br>(P-70842)<br>6528 Schaefer Rd<br>Dearborn, MI 48126-1813<br>(313)  584-1404**

| CASE FILING FEE | | JURY FEE | |
|---|---|---|---|
| **Paid** | | **Paid** | |
| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK | |
| **03/25/2009** | **06/24/2009** | **Ericka Chenault** | |
| *This summons is invalid unless served on or before its expiration date. | | Cathy M. Garrett – Wayne County Clerk | |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains   ☐ is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

_____<br>Date

_____<br>Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101<br>REV. (3-98)    MC 01 (10/97)    **SUMMONS AND RETURN OF SERVICE**    MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
DEFENDANT

**For best results use a felt pen**

## RETURN OF SERVICE

Case No. _____

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☒ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notary not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary required) |

☐ I served personally a copy of the summons and complaint,
☒ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with ___Summons, Complaint___
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| GMAC Mortgage LLC. CSC - Lawyers Incorporating Service Co. | 601 Abbot Rd. East Lansing, MI 48823 | 4/8/09 |
| Countrywide Home Loans INC. c/o: The Corporation Company | 30600 Telegraph Rd. Ste 2345 Bingham Farms, MI 48025 | 4/8/09 |

☐ After diligent search and inquiry, I have been unable to find and serve the following defendant(s):

_____

I have made the following efforts in attempting to serve the defendant(s): _____

_____

☐ I have personally attempted to serve the summons and complaint, together with _____
Attachment

_____ on _____
Name

at _____                                      and have been unable to complete service because
Address
the address was incorrect at the time of filing.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature

Title ___Law Clerk___

Subscribed and sworn to before me on _____ County, Michigan.
Date

My commission expires: _____  Signature: _____
Date                                        Deputy court clerk/Notary public

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

Signature

**STATE OF MICHIGAN**
**IN THE WAYNE COUNTY CIRCUIT COURT**

BASSAM SWAYDAN,

     Plaintiff,

v.                                                    Case No. 09-        -CH
                                                     Hon.

COUNTRYWIDE HOME LOANS, INC.
And GMAC MORTGAGE, LLC,

     Defendant.

_____/

LANDIS & DAY, PLC
Kassem M. Dakhlallah (P70842)
Attorneys for Plaintiffs
6200 Schaefer Rd., Ste 301
Dearborn, MI 48126
(313) 582-1212
_____

> There is no other pending or resolved civil action
> arising out of the same transaction or occurrence
> alleged in this Complaint.
>
> _Kassem M. Dakhlallah_
> Kassem M. Dakhlallah (P70842)

**COMPLAINT AND JURY DEMAND**

    NOW COMES the Plaintiff, BASSAM SWAYDAN ("Plaintiff"), by and through

his attorneys, LANDIS & DAY, PLC, and for his Complaint against the Defendants,

COUNTRYWIDE HOME LOANS, INC. and GMAC MORTGAGE, LLC, states as

follows:

**PARTIES, JURISDICTION AND VENUE**

1.    Plaintiff resides in the City of Dearborn Heights, Wayne County, Michigan.

2.    Defendant Countrywide is a New York Corporation that does business

    throughout metropolitan Detroit, including, but not limited to, the City of

Dearborn Heights, Wayne County, Michigan and that operates as a "mortgage servicer," "mortgage broker" and/or "mortgage lender" in Michigan as these terms are defined in MCL §§ 445.1651a(o), 445.1651a(l) and 445.1651a(m), respectively.

3.   Defendant GMAC is a Delaware Limited Liability Company that does business throughout metropolitan Detroit, including, but not limited to, the City of Dearborn Heights, Wayne County, Michigan and that operates as a "mortgage servicer," "mortgage broker" and/or "mortgage lender" in Michigan as these terms are defined in MCL §§ 445.1651a(o), 445.1651a(l) and 445.1651a(m), respectively.

4.   This lawsuit arises out of a business relationship involving Plaintiffs and the Defendant, entered into and transacted within the State of Michigan, County of Wayne.

5.   This lawsuit also arises out of interests in a parcel of real property located within the State of Michigan, County of Wayne, commonly known as 25655 Wilson, Dearborn Heights, MI 48127 (the "Property").

6.   The amount in controversy exceeds the amount of twenty five thousand ($25,000.00) dollars exclusive of costs and fees, and so jurisdiction and venue are properly in this Honorable Court.

## FACTUAL ALLEGATIONS

7.   Plaintiff incorporates all previous allegations by reference as if fully restated herein.

2

8.   Plaintiff purchased the Property in 2005 for about four hundred sixty thousand ($460,000.00) dollars.

9.   After making a down payment, Plaintiff obtained a senior loan in the amount of $360,000.00 and a junior loan in the amount of $67,000.00 from Defendants Countrywide and GMAC respectively.

10.  The loan applications prepared by Defendants contained material misrepresentations regarding Plaintiff's ability to repay the mortgage loan.

11.  Specifically, the application stated that Plaintiff's monthly income was nearly $14,000.00, or nearly $172,000.00 annually. (See "**Exhibit A – Senior Loan Uniform Residential Loan Application**"; see also "**Exhibit B – Junior Loan Uniform Residential Loan Application**").

12.  However, Plaintiff's gross annual income was about $60,000.00, or $5,000.00 monthly in 2005.

13.  In addition, Defendants fabricated the supposed fact that Plaintiff derived $1,500.00 in monthly rental income renting out his previous property, which was his primary residence at the time. (Exhibit A, p. 3).

14.  In reality, the mortgage loan payments for the loan that Defendants placed Plaintiff into turned out to be over 80% of Plaintiff's net monthly income.

15.  Plaintiff was promised that the financing scheme utilized was meant to be temporary and that Plaintiff would be able to sell the Property or refinance the loans if paying the monthly loan payments became problematic.

16.  Plaintiff did not have the ability to make the mortgage loan payments at all relevant times without incurring substantial financial hardship. Plaintiff

3

struggled to make the payments and remained current as long as he possibly could.

17.   At all relevant times, Defendant, along with other mortgage lenders, brokers and servicers, systematically inflated the supposed market values of properties throughout the mortgage market in order to lend more money and sell the ill-begotten mortgage loans on the mortgage-backed securities ("MBS") market.

18.   As part of their scheme, Defendant made a large but presently-unknown number of loans to borrowers who were absolutely unable to repay the amounts borrowed.  This led to artificially high mortgage loan amounts that were disconnected from the true market values of properties being bought and sold.

19.   Eventually, when these doomed loans were placed into default in large numbers, the inflated property values throughout Michigan and the United States plummeted to coincide with true property values.

20.   The Property owned by the Plaintiff in this matter suffered from this precipitous decline in statewide and national property values.

21.   As a result, Plaintiff owed significantly more on his mortgage loan than the Property could have been sold for on the open market.  In fact, the Property was never actually worth the amount of the loan that Plaintiff obtained thereon.

22.   Plaintiff tried unsuccessfully to resolve the matter with Defendants, offering to modify the loan terms, but Defendants ignored all such attempts at compromise.

23.   Defendants were active participants in the systematic inflation of property values and fraud in the MBS market that ultimately led to Plaintiff paying a much higher price for the Property than the Property was ever worth.

4

24. Nonetheless, Plaintiff paid each of the mortgage loan payments on time and in full in order to keep their credit ratings in tact.

25. However, the mortgage loan that Plaintiff has diligently paid each month was procured by fraud, misrepresentation and violations of state and federal mortgage consumer protection laws.

26. Eventually, Plaintiff had no more liquid assets to tap into to make his mortgage payment, and because property values in the market had depreciated back to realistic levels, Plaintiff could not refinance the loan.

27. Plaintiff has now missed several mortgage payments, and can no longer afford to make any payments towards his ill-begotten mortgage loan.

28. For all of these reasons, it is clear that the only way for Plaintiff to begin to vindicate his rights is to file this lawsuit and have the Court enter an Order preventing a foreclosure sale and preventing Defendants from evicting Plaintiff and ruining Plaintiff's credit report.

**COUNT I**
**ACCOUNTING**

29. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

30. The amount of money due from Plaintiffs to Defendant or vice versa is unknown to Plaintiffs and cannot be ascertained without an accounting of the receipts and disbursements of the financial transactions between Plaintiffs and Defendant.

31. Plaintiffs are informed and reasonably believe and thereon allege that they do not owe Defendant any money.

5

32. Plaintiffs have demanded an accounting of the aforementioned financial transactions from Defendant and payment of the amount found due but Defendant has failed and refused, and continue to fail and refuse, to render such an accounting and to pay such sum.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT II
## WRONGFUL FORECLOSURE

33. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

34. MCL § 600.3204(1)(a) provides, in relevant part, that a "party may foreclose a mortgage by advertisement if… [a] default in a condition of the mortgage has

6

occurred, by which the power to sell became operative... (3) the mortgage

containing the power of sale has been properly recorded and, if the party

foreclosing is not the original mortgagee, a record chain of title exists

evidencing the assignment of the mortgage to the party foreclosing the

mortgage."

35. No such default in a condition of the mortgage has occurred.

36. Further, because of the nature of the MBS market, it is highly unlikely that

Defendant has the present ability to provide a record chain of title evidencing

ownership of the mortgage.

37. Thus, the Defendant's power to sell the property has not become operative.

38. Although Plaintiffs have repeatedly requested them to do so, Defendant has not

agreed to abandon its efforts to conduct a foreclosure sale.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enters a

judgment against the above-named Defendant in the amount over twenty five thousand

($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained.

Plaintiffs further respectfully request that this Honorable Court issues an injunction,

pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property

and making any negative remarks on Plaintiffs' credit reports until a resolution of this

matter on the merits. Plaintiffs further respectfully request that this Honorable Court

grant them rescission of the Notes and Mortgages and order Defendant to disgorge all

interest payments so wrongfully obtained from Plaintiffs in connection with their

improper Notes and Mortgages. Plaintiffs further request that this Honorable Court

reforms the Notes and Mortgages between the parties to reflect a fair and equitable

7

bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT III
## VIOLATION OF 15 USC § 1639

39. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

40. Defendants are in violation of 15 USC § 1639(b)(3), which requires Defendants to modify the terms of Plaintiffs' loans as Plaintiffs are experiencing a bona fide financial emergency.

41. Defendants have failed or refused to modify the terms of the loan.

42. As a result, Plaintiffs have suffered damages.

43. In addition, Defendants have violated 15 USC § 1639(h) which provides that:

   A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602 (aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.

44. By extending credit to Plaintiffs without regard to their ability to repay the debt, Defendants have violated 15 USC § 1639(h).

45. As a result, Plaintiffs have suffered damages.

46. Plaintiffs hereby invoke their right to rescind the transactions at issue in this litigation.

   **WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendants in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained.

Plaintiffs further respectfully request that this Honorable Court issues an injunction, pursuant to MCR 3.310 preventing Defendant from instituting a foreclosure sale of the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant rescission of the Notes and Mortgages and order Defendants to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendants' fraud and misrepresentation. Plaintiffs further request that this Honorable Court orders Defendants to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT IV
## PREDATORY LENDING

47. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

48. Defendants took advantage of Plaintiffs' inferior bargaining power in order to lock Plaintiffs into severely unfavorable Notes and Mortgages.

49. Defendants did not reveal all material terms of the Notes and Mortgages as they understood them.

50. Specifically, Defendant believed, or was reckless to the truth without knowledge thereof, that the payment amounts were greater than disclosed.

51. In addition, Defendants knew or were reckless to the truth without knowledge thereof, that Plaintiffs could not, under any circumstances, afford to pay the monthly mortgage loan payments on the Property.

52. Defendant induced Plaintiffs into obtaining the loan on the Property and granting it a security interests therein, by promising that Plaintiffs' payments would be lower than they turned out to be and that Plaintiff would be able to sell the Property for at least the amount borrowed, or otherwise refinance the loans, but these statements proved patently untrue.

53. Defendants further induced Plaintiffs into purchasing the Property by creating a mortgage market environment with high and constantly-increasing false property values.

54. As a result of these predatory lending practices, Plaintiffs are suffering and will suffer damages including the loss of the equity he had in the Property, the value of all payments made upon the ill-begotten mortgage loan, all of their liquid assets, damage to their credit rating and enduring the time and expense of an improper foreclosure sale.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court

reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT V
## VIOLATION OF TRUTH IN LENDING ACT, 15 U.S.C § 1601 ET SEQ.

55.  Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

56.  Defendants provided false interest rate, fee and monthly payment disclosures in connection with the closing of the mortgage loan transaction on the Property, in violation of the Truth in Lending Act.

57.  Plaintiff did not discover, and could not discover, Defendant's violations of the Truth in Lending Act because the documents provided to Plaintiff were withheld from Plaintiffs and if they existed at all, were seriously misleading.

58.  Thus, Plaintiffs' claims under the Truth in Lending Act are subject to tolling.

59.  In addition, Defendant did not provide Plaintiffs with a Notice of Right to Cancel, contrary to the mandates of the Truth in Lending Act.

60.  As a result of Defendant's violations of the Truth in Lending Act, Plaintiffs have been damaged.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property

11

and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

**COUNT VI**
**FRAUDULENT MISREPRESENTATION**

61. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

62. By providing materially false property value and payment disclosures to Plaintiffs, Defendant made material representations to Plaintiffs.

63. Defendant further made false material misrepresentations by representing that property values on the mortgage market were much greater than they actually were.

64. These material representations were false at the time that Defendant made them.

65. Defendant knew, or was reckless to the truth without knowledge, that these statements were false.

66. Defendants further knew, or were reckless to the truth without knowledge that true property values were not reflective of the values of the loans being made by Defendants, and that Plaintiffs could not sell the Property or refinance the loans.

12

67. Defendant made its material and false representations with the intention that Plaintiffs would thereby borrow money from it, grant it a mortgage on the Property, pay associated closing costs and timely make monthly payments.

68. Because of the representations of Defendant, Plaintiffs did borrow money from it, granted it mortgages on the Property, paid associated closing costs and timely made monthly payments.

69. Plaintiffs have suffered damages equal to or greater than the value of mortgage loan, closing costs and payments.

70. Plaintiffs have also suffered damages from the resulting damage to their credit.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

13

## COUNT VII
## NEGLIGENT MISREPRESENTATION

71. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

72. Defendant as the mortgagee, stood to benefit from the Plaintiffs entering into the Note and Mortgage on the Property.

73. The resulting business relationship between the parties gave rise to a duty of care on the part of Defendant to Plaintiffs.

74. Defendant prepared the information relating to the values of the Property, payment amounts on the Notes and Mortgages, whether Plaintiffs could refinance or sell the Property and closing costs without reasonable care as to their truth or falsehood.

75. Plaintiffs justifiably relied on said information to their detriment, suffering damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court

reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT VIII
## DEFAMATION OF CREDIT/VIOLATION OF FAIR CREDIT REPORTING ACT

76. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

77. Defendants committed fraud against Plaintiffs in order to induce them into entering into the above-described transactions.

78. Defendants' fraud has ruined Plaintiffs financially.

79. It is because of Defendants' fraud that Plaintiffs cannot make their monthly mortgage loan payments.

80. As a result, it is patently untrue that Plaintiffs defaulted on bona fide financial obligation to Defendants.

81. Upon information and belief, Defendants have made or will make derogatory reports on Plaintiffs' credit reports that are patently untrue.

82. As a result, Plaintiffs have suffered or will suffer damage to their good name, fame and reputation in the community.

83. Plaintiffs also suffered or will suffer damage to their credit rating.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues an injunction,

pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT IX
### RESCISSION OF NOTES AND MORTGAGES

84. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

85. The actions of Defendant, as more fully discussed above, are unconscionable.

86. In the alternative, the agreements between these parties were entered into by Plaintiffs because of fraud by Defendant.

87. In addition, there was no mutuality of assent to the terms and conditions of the Notes and Mortgages.

88. As such, the agreements between these parties are subject to judicial rescission.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues an injunction,

16

pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT X
## REFORMATION OF NOTES AND MORTGAGES

89. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

90. The actions of Defendant, as more fully discussed above, are unconscionable.

91. In the alternative, the agreements between these parties were entered into by Plaintiffs because of fraud by Defendant.

92. In addition, there was no mutuality of assent to the terms and conditions of the Notes and Mortgages.

93. As such, the agreements between these parties are subject to judicial reformation.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained.

17

Plaintiffs further respectfully request that this Honorable Court issues an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT XI
## VIOLATION OF MORTGAGE BROKERS, LENDERS, AND SERVICERS LICENSING ACT, MCL § 445.1651, ET SEQ

94. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

95. MCL § 445.1672 provides:

> It is a violation of this act for a licensee or registrant to do any of the following:
> (a) Fail to conduct the business in accordance with law, this act, or a rule promulgated or order issued under this act.
> (b) Engage in fraud, deceit, or material misrepresentation in connection with any transaction governed by this act.

96. By their acts as more fully set forth in the Complaint, Defendant has violated these sections of the Mortgage Brokers, Lenders, and Servicers Licensing Act.

97. As a result of these violations by Defendant, Plaintiffs have been damaged.

18

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

### COUNT XII
### USURY/VIOLATION OF USURY ACT – MCL § 438.31 ET SEQ

98. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

99. Defendant, having locked Plaintiff into a loan for collateral that could not be sold to redeem the value of money borrowed, and which Defendant bore no risk of loss, has committed usury against Plaintiffs.

100. As a result, Plaintiffs have suffered damages.

101. Plaintiffs hereby plead all attorney fees and costs as an element of damages.

19

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enters a judgment against the above-named Defendant in the amount over twenty five thousand ($25,000.00) dollars plus interest, costs and attorney fees so wrongfully sustained. Plaintiffs further respectfully request that this Honorable Court issues an injunction, pursuant to MCR 3.310 preventing Defendant from evicting Plaintiffs from the Property and making any negative remarks on Plaintiffs' credit reports until a resolution of this matter on the merits. Plaintiffs further respectfully request that this Honorable Court grant them rescission of the Notes and Mortgages and order Defendant to disgorge all interest payments so wrongfully obtained from Plaintiffs in connection with their improper Notes and Mortgages. Plaintiffs further request that this Honorable Court reforms the Notes and Mortgages between the parties to reflect a fair and equitable bargain without the effect of Defendant's fraud and misrepresentation. Plaintiffs further requests that this Honorable Court orders Defendant to pay all costs and attorney fees so wrongfully incurred in having to bring this lawsuit.

## COUNT XIII
## TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

102. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

103. Defendant has violated or intends to violate the express provisions of the Note and Mortgage entered into by the parties.

104. Defendant also has violated or intends to violate the requirements of the Truth in Lending Act, Mortgage Brokers, Lenders and Servicers Licensing Act and other federal and state laws.

20

105. In addition, as more fully described above, Defendant has refused or has been unable to provide an accurate accounting or any proof of default under the Note or Mortgage, although Plaintiff has requested such proof repeatedly.

106. Unless Defendant is enjoined from engaging in conduct violative of the agreements, and from improperly foreclosing upon the Mortgage and evicting Plaintiffs, Plaintiffs have been and will continue to be irreparably harmed by (among other things): (a)    The loss of Plaintiff's ownership interest in the Property; (b) The loss of Plaintiff's equity in the Property; (c) Damage to the marketability of the Property; (d) damage to Plaintiff's reputation in the community; and (e) the loss of all of Plaintiff's liquid assets without recourse.

107. In view of these (and other) considerations, Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A.    Enter immediately a Temporary Restraining Order restraining and enjoining Defendant and all persons acting in concert with it (including, but not limited to any officer, employee, agent, attorney or other representatives of Defendant) from directly or indirectly evicting Plaintiffs from the Property at issue and making any negative comments on Plaintiffs' credit report;

B.    Continue the Temporary Restraining Order in full force and effect through and including a hearing before this Court on Plaintiffs' request for the entry of a Preliminary Injunction, and set such a hearing at a date convenient for the Court;

C.     Following the hearing on the request for a preliminary injunction, convert the Temporary Restraining Order into a Preliminary Injunction, to remain in effect until the merits of the parties' dispute are resolved by a Court of competent jurisdiction;

D.     Grant Plaintiffs such other and further relief as the Court deems to be just and equitable under the circumstances.

Respectfully Submitted,

LANDIS & DAY, PLC

Kassem M. Dakhlallah (P70842)
Attorneys for Plaintiffs
6200 Schaefer Rd., Ste 301
Dearborn, MI 48126
(313) 582-1212

Dated: March 19, 2009

22

**STATE OF MICHIGAN**
**IN THE WAYNE COUNTY CIRCUIT COURT**

BASSAM SWAYDAN,

     Plaintiff,

                                  Case No. 09-     -CH
v.                                   Hon.

COUNTRYWIDE HOME LOANS, INC.
And GMAC MORTGAGE, LLC
     Defendant.
_____/
LANDIS & DAY, PLC
Kassem M. Dakhlallah (P70842)
Attorneys for Plaintiffs
6200 Schaefer Rd., Ste 301
Dearborn, MI 48126
(313) 582-1212
_____/

**EX PARTE EMERGENCY MOTION FOR A TEMPORARY**
**RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**

NOW COME the Plaintiffs, BASSAM SWAYDAN, by and through their attorneys, LANDIS & DAY, PLC, and move this Honorable Court, pursuant to MCR 3.207 and 3.310 for a Temporary Restraining Order and a Preliminary Injunction enjoining Defendants GMAC MORTGAGE, LLC, and COUNTRYWIDE HOME LOANS, INC. ("Defendants") from conducting a foreclosure sale of and evicting Plaintiffs from the real property commonly known as 25655 Wilson, Dearborn Heights, MI 48127" (hereinafter, "the Property") and from making further negative remarks onto Plaintiffs' credit reports. In support of their Motion, Plaintiffs state as follows:

     1.     As more fully set forth in Plaintiffs' Complaint (the contents of which are hereby incorporated herein by reference), Defendant has violated or intends to violate the express provisions of the Notes and Mortgages entered into by the parties. Defendant also has violated

and intends to violate the Federal Truth in Lending Act, as more fully set forth in the Complaint. Defendant also has violated or intends to violate the requirements of the Truth in Lending Act and/or the Michigan Mortgage Brokers, Lenders and Servicers Licensing Act, as well as other applicable law, as more fully set forth in the Complaint. In addition, as more fully described in the Complaint and in the supporting exhibits, Defendants have refused or have been unable to provide an accurate accounting or any legitimate proof of default under the Notes or Mortgages, although Plaintiffs have requested such proof repeatedly. In addition, Defendant obtained closing costs, interest and fees from Plaintiffs after having induced Plaintiffs into obtaining a mortgage loan on the Property. The Property had an inflated value because Defendant systematically and as a matter of corporate policy induced a very large number of other borrowers into borrowing more money than the true market value of their homes. When the homeowners could no longer make their excessive mortgage payments, and could no longer refinance their loans, they defaulted in large numbers. This sent property values plummeting. As a result, each month, Plaintiffs make a payment to Defendant on an obligation that was entered into based upon Defendant's fraud, misrepresentation and violations of state and federal law. It would be inequitable to force Plaintiffs to continue to make payments under this loan as if this loan was a bona fide transaction. Further, it would be improper to allow Defendant to foreclose upon the mortgages on the Property, evict Plaintiffs from the Property or to make negative statements onto Plaintiffs' credit reports for alleged failure to repay a bona fide loan obligation.

2.    For the reasons stated in the Complaint and in Plaintiffs' Brief filed in support of this Motion, unless Defendant is enjoined from engaging in conduct violative of the agreements and applicable law, and from improperly foreclosing upon the Property and evicting Plaintiffs

-2-

and refusing to refund Plaintiffs' money to Plaintiffs, collecting monthly payments from Plaintiffs, evicting Plaintiffs from the Property and making negative credit remarks on Plaintiffs' credit reports, Plaintiffs have been and will continue to be irreparably harmed by (among other things):

>   (a) the loss of Plaintiffs' ownership interest in the Property;
>
>   (b) the loss of Plaintiffs' possessory interest in the Property;
>
>   (c) the loss of Plaintiffs' equity in the property;
>
>   (d) damage to the marketability of the Property;
>
>   (e) the loss of Plaintiffs' payments to Defendants;
>
>   (f) the loss of the value of the improvements Plaintiffs made to the Property;
>
>   (g) damage to Plaintiffs' credit reports and ability to borrow money.

In view of these (and other) considerations, Plaintiffs have no adequate remedy at law.

3.     A balancing of the relevant hardships favors the entry of injunctive relief, and such relief would serve the public interest.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter immediately a Temporary Restraining Order restraining and enjoining Defendant and all persons acting in concert with it (including, but not limited to any officer, employee, agent, attorney or other representative of Defendant) from directly or indirectly conducting a foreclosure sale of and evicting Plaintiffs from the Property at issue and from making any negative remarks on Plaintiffs' credit reports;

B.    Continue the Temporary Restraining Order in full force and effect through and including a hearing before this Court on Plaintiffs' request for the entry of a Preliminary Injunction, and set such a hearing at a date convenient for the Court;

C.    Following the hearing on the request for a preliminary injunction, convert the Temporary Restraining Order into a Preliminary Injunction, to remain in effect until the merits of the parties' dispute are resolved by a Court of competent jurisdiction;

D.    Grant Plaintiffs such other and further relief as the Court deems to be just and equitable under the circumstances.

Respectfully Submitted,

LANDIS & DAY, PLC

Kassem M. Dakhlallah (P70842)
Attorneys for Plaintiffs
6200 Schaefer Rd., Ste 301
Dearborn, MI 48126
(313) 582-1212

Dated: March 19, 2009

-4-



Loan Administration   1/21/2009 2:58 PM   PAGE   44/061    805-520-5019

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower," as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  ☐ FHA | ☒ Conventional  ☐ USDA/Rural Housing Service | ☐ Other: Jumbo A | Agency Case Number | Lender Case Number 0087105722 |
|---|---|---|---|---|---|

| Amount $ 360,000.00 | Interest Rate 5.875 % | No. of Months 360 Loan Term 360 Amort. Term | Amortization Type: AQ_PIG_3YR/6 | ☐ Fixed Rate  ☐ GPM | ☐ Other (explain): ☒ ARM (type): JUMBO A |
|---|---|---|---|---|---|

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state & ZIP) 25655 Wilson, Dearborn Heights, MI 48127 See preliminary title report. | No. of Units 1 |
|---|---|

| Legal Description of Subject Property (attach description if necessary) | Year Built 1985 |
|---|---|

| Purpose of Loan | ☒ Purchase  ☐ Construction  ☐ Other (explain): ☐ Refinance  ☐ Construction-Permanent | Property will be: ☒ Primary Residence  ☐ Secondary Residence  ☐ Investment |
|---|---|---|

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost $ | Amount Existing Liens $ 0.00 | (a) Present Value of Lot $ 0.00 | (b) Cost of Improvements $ 0.00 | Total (a + b) $ 0.00 |
|---|---|---|---|---|---|

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost $ | Amount Existing Liens $ 0.00 | Purpose of Refinance | Describe Improvements  ☐ Made  ☐ To be Made  Cost: $ 0.00 |
|---|---|---|---|---|

| Title will be held in what Name(s) Bassam Swaydan | Manner in which Title will be held Individual | Estate will be held in: ☒ Fee Simple  ☐ Leasehold (show expiration date) |
|---|---|---|

| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) Cash from Checking and Savings |
|---|

## III. BORROWER INFORMATION

| BORROWER | CO-BORROWER |
|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) Bassam Swaydan | Co-Borrower's Name (include Jr. or Sr. if applicable) |

| Social Security Number 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 | Home Phone (include area code) 313-561-2429 | DOB (MM/DD/YYYY) 05/26/1962 | Yrs. School 16 | Social Security Number | Home Phone (include area code) | DOB (MM/DD/YYYY) | Yrs. School |
|---|---|---|---|---|---|---|---|

| ☒ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Co-Borrower) no. ages | ☐ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Borrower) no. ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP) ☒ Own ☐ Rent No. Yrs. 8.00 26360 Timberbrai Dearborn Heights, MI 48127 | Present Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs. |
|---|---|

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs. |
|---|---|

Loan Administration   1/21/2009 2:58 PM   PAGE   45/061   805-520-5019

| BORROWER | | IV. EMPLOYMENT INFORMATION | | CO-BORROWER | |
|---|---|---|---|---|---|
| Name & Address of Employer ☒ Self-Employed | | Yrs. on this job | Name & Address of Employer ☐ Self-Employed | | Yrs. on this job |
| BBW Sport Wear Inc. | | 12.08 | | | |
| 5630 Venor | | Yrs. employed in this | | | Yrs. employed in this |
| Detroit, MI 48209 | | line of work/profession | | | line of work/profession |
| | | 20.09 | | | |
| Position/Title/Type of Business | | Business Phone (include area code) | Position/Title/Type of Business | | Business Phone (include area code) |
| Self-Employed | | 313-654-3333 | | | |
| If employed in current position for less than two years or if currently employed in more than one position, complete the following: | | | | | |
| Name & Address of Employer ☐ Self-Employed | | Dates (from-to) | Name & Address of Employer ☐ Self-Employed | | Dates (from-to) |
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (include area code) | Position/Title/Type of Business | | Business Phone (include area code) |
| Name & Address of Employer ☐ Self-Employed | | Dates (from-to) | Name & Address of Employer ☐ Self-Employed | | Dates (from-to) |
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (include area code) | Position/Title/Type of Business | | Business Phone (include area code) |

### V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Employment Income* | $ 13,923.00 | $ | $ 13,923.00 | Rent | $ | 0.00 |
| Overtime | 0.00 | | 0.00 | First Mortgage (P&I) | 933.00 | $ 2,129.54 |
| Bonuses | 0.00 | | 0.00 | Other Financing (P&I) | 0.00 | 492.00 |
| Commissions | 0.00 | | 0.00 | Hazard Insurance | 65.00 | 126.33 |
| Dividends/Interest | 0.00 | | 0.00 | Real Estate Taxes | 280.00 | 760.05 |
| Net Rental Income | 0.00 | | 0.00 | Mortgage Insurance | 0.00 | |
| Other (before completing see the notice in "describe other income," below) | | | 0.00 | Homeowner Association Dues | 0.00 | 0.00 |
| | | | | Other: | 0.00 | 0.00 |
| Total | $ 13,923.00 | $ | $ 13,923.00 | Total | $ 1,278.00 | $ 3,507.92 |

\* Self-Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.
Describe Other Income Notice: Alimony, child support or separate maintenance income need not be revealed if the
Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |

G P M W D 0 0 0 8 7 1 0 5 7 2 2 1 0 1

Loan Administration  1/21/2009 2:30 PM  PAGE 40/61  800-520-9019

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.  Completed: ☒ Jointly ☐ Not Jointly

| ASSETS Description | Cash or Market Value | LIABILITIES AND PLEDGED ASSETS. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinance of the subject property. | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ 0.00 | | | |
| **LIST CHECKING AND SAVINGS ACCOUNTS BELOW** | | **LIABILITIES** | | |
| Name and Address of Bank, S&L, or Credit Union Bank One | | Name and Address of Company CITIMORTGAGE INC 26360 Timber Trail | $ Payment/Months 933.00 | 71,768.00 N |
| | | Mortgage | | |
| Account No. 17387275 | $ 35,013.00 | Account No. 20014418561203 | | |
| Name and Address of Bank, S&L, or Credit Union | | Name and Address of Company G MAC | $ Payment/Months 273.00 | 7,837.00 N |
| | | Installment | 300 | |
| Account No. | $ | Account No. 45901078064 | | |
| Name and Address of Bank, S&L, or Credit Union | | Name and Address of Company DISCOVER FINANCIAL SV | $ Payment/Months 22.00 | 986.00 N |
| | | Revolving | | |
| Account No. | $ | Account No. 601100554752 | | |
| Name and Address of Bank, S&L, or Credit Union | | Name and Address of Company CITI | $ Payment/Months 32.00 | 695.00 N |
| | N | Revolving | | |
| Account No. | $ | Account No. 542418031059 | | |
| Stocks & Bonds (Company name/number and description) | $ | Name and Address of Company | $ Payment/Months | $ |
| Life insurance net cash value Face Amount: $ 0.00 | $ 0.00 | Account No. | | |
| **Subtotal Liquid Assets** | $ 35,013.00 | Name and Address of Company | $ Payment/Months | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 300,000.00 | | | |
| Vested interest in retirement fund | $ | | | |
| Net worth of business(es) owned (attach financial statement) | $ 0.00 | | | |
| Automobiles owned (make and year) | $ | Account No. | | |
| | | Name and Address of Company | $ Payment/Months | $ |
| | N | | | |
| Other Assets (itemize) | $ | Account No. | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ 0.00 | |
| | N | Job Related Expense (child care, union dues, etc.) | $ 0.00 | |
| **Total Assets a.** | $ 335,013.00 | **Total Monthly Payments** N | $ 480.00 | |
| | | Net Worth (a minus b) $ 253,726.00 | **Total Liabilities b.** | $ 81,288.00 |

Uniform Residential Loan Application
—THE COMPLIANCE SOURCE, INC.—
www.compliancesource.com

Page 3 of 6

Freddie Mac Form 65; Fannie Mae Form 1003 01/0.
0010108U04 07/09 (04/03
©2003, The Compliance Source, Inc.

G P M W D 0 0 0 8 7 1 0 5 7 2 2 1 0 1

Loan Administration   1/21/2009 2:58 PM   PAGE   47/081    805-520-5019

## VI. ASSETS AND LIABILITIES (cont.)

**Schedule of Real Estate Owned** (If additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|---|
| 26360 Timber Trail, Dearborn Heights, MI, 48127 | R | SFR | 300,000.00 | 71,768.00 | 1,500.00 | 933.00 | 345.00 | -153.00 |
| | | | | | | | | |
| **N** | | **TOTALS** | 300,000.00 | 71,768.00 | 1,500.00 | 933.00 | 345.00 | -153.00 |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account No. |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION

| | | | | | |
|---|---|---|---|---|---|
| a. | Purchase price | $ 450,000.00 | j. | Subordinate financing | $ 67,500.00 |
| b. | Alterations, improvements, repairs | 0.00 | k. | Borrower's closing costs paid by Seller | 3,600.00 |
| c. | Land (if acquired separately) | 0.00 | l. | Other Credits (explain) | |
| d. | Refinance (include debts to be paid off) | 0.00 | | | |
| e. | Estimated prepaid items | 570.00 | | | |
| f. | Estimated closing costs | 3,600.00 | m. | Loan Amount (exclude PMI, MIP, Funding Fee financed) | 360,000.00 |
| g. | PMI, MIP, Funding Fee | 0.00 | n. | PMI, MIP, Funding Fee financed | |
| h. | Discount (if Borrower will pay) | 0.00 | o. | Loan Amount (add m and n) | 360,000.00 |
| i. | Total Costs (add items a through h) | $ 448,970.00 | p. | Cash from/to Borrower (subtract j, k, l, & o from i) | 23,070.00 |

## VIII. DECLARATIONS

| If you answer "yes" to any questions a through i, please use a continuation sheet for explanation. | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| a. Are there any outstanding judgments against you? | ☐ | ☒ | ☐ | ☐ |
| b. Have you been declared bankrupt within the past 7 years? | ☐ | ☒ | ☐ | ☐ |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ | ☒ | ☐ | ☐ |
| d. Are you a party to a lawsuit? | ☐ | ☒ | ☐ | ☐ |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, and reasons for the action.) | ☐ | ☒ | ☐ | ☐ |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ | ☒ | ☐ | ☐ |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ | ☒ | ☐ | ☐ |
| h. Is any part of the down payment borrowed? | ☐ | ☒ | ☐ | ☐ |
| i. Are you a co-maker or endorser on a note? | ☐ | ☒ | ☐ | ☐ |
| j. Are you a U.S. citizen? | ☒ | ☐ | ☐ | ☐ |
| k. Are you a permanent resident alien? | ☐ | ☒ | ☐ | ☐ |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☐ | ☒ | ☐ | ☐ |
| m. Have you had an ownership interest in a property in the last three years? | ☒ | ☐ | ☐ | ☐ |
| (1) What type of property did you own — principal residence (PR), second home (SH), or investment property (IP)? | PR | | | |
| (2) How did you hold title to the home — solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | SP | | | |

Uniform Residential Loan Application
—THE COMPLIANCE SOURCE, INC.—
www.compliancesource.com

Page 4 of 6

Freddie Mac Form 65/ Fannie Mae Form 1003 01/01
08101MU04 07/00 (04/0
©2003, The Compliance Source, Inc

G P M W D 0 0 8 7 1 0 5 7 2 2 1 0 1

Loan Administration    1/21/2008 2:50 PM    PAGE    007/001    800-326-5018

Use the following space if you need more space to complete the Residential Loan Application.

## IX. ACKNOWLEDGMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described herein; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated herein; (6) any owner or servicer of the Loan may verify or reverify any information contained in the application from any source named in this application, and Lender, its successors or assigns may retain the original and/or an electronic record of this application, even if the Loan is not approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

## X. INFORMATION FOR GOVERNMENT-MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may not discriminate neither on the basis of this information, nor on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation or surname. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the Lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | | | CO-BORROWER | | |
|---|---|---|---|---|---|
| ☐ I do not wish to furnish this information. | | | ☐ I do not wish to furnish this information. | | |
| Ethnicity: | ☐ Hispanic or Latino | ☒ Not Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino | ☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native | ☐ Asian  ☐ Black or African American | Race: | ☐ American Indian or Alaska Native | ☐ Asian  ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander | ☒ White | | ☐ Native Hawaiian or Other Pacific Islander | ☐ White |
| Sex: | ☐ Female | ☒ Male | Sex: | ☐ Female | ☐ Male |

| TO BE COMPLETED BY INTERVIEWER | Interviewer's Name (print or type) | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: ☐ Face-to-face interview ☐ Mail ☒ Telephone ☐ Internet | Interviewer's Signature                Date  05/23/2008 | AMSTAR MORTGAGE 2194 N. BEECH DALY, STE 1 Dearborn Heights, MI 48127 |
| | Interviewer's Phone Number (include area code) (313)278-7283 | |

Uniform Residential Loan Application
—THE COMPLIANCE SOURCE, INC.—
www.compliancesource.com

Page 5 of 6

Freddie Mac Form 65; Fannie Mae Form 1003 01/04
00161MU04 07/02 (9/03)
©2002, The Compliance Source, Inc.

G P M W D 0 0 8 7 1 0 5 7 2 2 1 0 1



(Page 1 of 6)

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower," as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA   ☐ FHA | ☒ Conventional   ☐ USDA/Rural Housing Service | ☐ Other: HELOC Second | Agency Case Number | Lender Case Number 0087105730 |
|---|---|---|---|---|---|

| Amount $ 67,500.00 | Interest Rate 8.750 % | No. of Months 180 Loan Term 180 Amort. Term | Amortization Type: ☐ Fixed Rate ☐ GPM SECOND AQ PIG | ☒ ARM (type): HELOC ☒ Other (explain): |
|---|---|---|---|---|

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state & ZIP) 25655 Wilson, Dearborn Heights, MI 48127 | | No. of Units 1 |
|---|---|---|
| Legal Description of Subject Property (attach description if necessary) SEE ATTACHED LEGAL DESCRIPTION | | Year Built 1985 |

| Purpose of Loan | ☒ Purchase   ☐ Construction   ☐ Other (explain): ☐ Refinance   ☐ Construction-Permanent | Property will be: ☒ Primary Residence   ☐ Secondary Residence   ☐ Investment |
|---|---|---|

### Complete this line if construction or construction-permanent loan

| Year Lot Acquired | Original Cost $ | Amount Existing Liens $ 0.00 | (a) Present Value of Lot $ 0.00 | (b) Cost of Improvements $ 0.00 | Total (a + b) $ 0.00 |
|---|---|---|---|---|---|

### Complete this line if this is a refinance loan

| Year Acquired | Original Cost $ | Amount Existing Liens $ 0.00 | Purpose of Refinance | Describe Improvements ☐ Made   ☐ To be Made  Cost: $ 0.00 |
|---|---|---|---|---|

| Title will be held in what Name(s) Bassam Swaydan | Manner in which Title will be held Individual | Estate will be held in: ☒ Fee Simple ☐ Leasehold (show expiration date) |
|---|---|---|

| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) Cash from Checking and Savings |
|---|

## III. BORROWER INFORMATION

| BORROWER | CO-BORROWER |
|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) Bassam Swaydan | Co-Borrower's Name (include Jr. or Sr. if applicable) |

| Social Security Number 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 | Home Phone (include area code) 313-561-2428 | DOB (MM/DD/YYYY) 05/05/1962 | Yrs. School 15 | Social Security Number | Home Phone (include area code) | DOB (MM/DD/YYYY) | Yrs. School |
|---|---|---|---|---|---|---|---|
| ☒ Married ☐ Separated | ☐ Unmarried (include single, divorced, widowed) | Dependents (not listed by Co-Borrower) no.    ages | | ☐ Married ☐ Separated | ☐ Unmarried (include single, divorced, widowed) | Dependents (not listed by Borrower) no.    ages | |
| Present Address (street, city, state, ZIP) ☒ Own ☐ Rent No. Yrs. 8.00 26360 Timbertrail Dearborn Heights, MI 48127 | | | | Present Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs. | | | |
| Mailing Address, if different from Present Address | | | | Mailing Address, if different from Present Address | | | |

### If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs. |
|---|---|

Uniform Residential Loan Application
—THE COMPLIANCE SOURCE, INC.—
www.compliancesource.com

Page 1 of 6

Freddie Mac Form 65; Fannie Mae Form 1003 01.04

68201511U64 01/00 (0-0/1)
©2004, The Compliance Source, Inc.

(Page 2 of 6)

## IV. EMPLOYMENT INFORMATION

| BORROWER | | CO-BORROWER | |
|---|---|---|---|
| Name & Address of Employer ☒ Self-Employed<br>BBW Sport Wear Inc.<br>5630 Venor<br>Detroit, Mi 48209 | Yrs. on this Job<br>12.08 | Name & Address of Employer ☐ Self-Employed | Yrs. on this Job |
| | Yrs. employed in this line of work/profession<br>20.00 | | Yrs. employed in this line of work/profession |
| Position/Title/Type of Business<br>Self-Employed | Business Phone<br>(include area code)<br>313-554-3333 | Position/Title/Type of Business | Business Phone<br>(include area code) |

**If employed in current position for less than two years or if currently employed in more than one position, complete the following:**

| Name & Address of Employer ☐ Self-Employed | Dates (from-to) | Name & Address of Employer ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income<br>$ | | Monthly Income<br>$ |
| Position/Title/Type of Business | Business Phone<br>(include area code) | Position/Title/Type of Business | Business Phone<br>(include area code) |

| Name & Address of Employer ☐ Self-Employed | Dates (from-to) | Name & Address of Employer ☐ Self-Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income<br>$ | | Monthly Income<br>$ |
| Position/Title/Type of Business | Business Phone<br>(include area code) | Position/Title/Type of Business | Business Phone<br>(include area code) |

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Employment Income* | $ 13,923.00 | $ | $ 13,923.00 | Rent | $ 0.00 | |
| Overtime | 0.00 | | 0.00 | First Mortgage (P&I) | 933.00 | $ 2,130.00 |
| Bonuses | 0.00 | | 0.00 | Other Financing (P&I) | 0.00 | 492.19 |
| Commissions | 0.00 | | 0.00 | Hazard Insurance | 65.00 | 126.33 |
| Dividends/Interest | 0.00 | | 0.00 | Real Estate Taxes | 280.00 | 760.05 |
| Net Rental Income | 0.00 | | 0.00 | Mortgage Insurance | 0.00 | 0.00 |
| Other (before completing see the notice in "describe other income," below) | 0.00 | | 0.00 | Homeowner Association Dues | 0.00 | 0.00 |
| | | | | Other: | 0.00 | 0.00 |
| Total | $ 13,923.00 | $ | $ 13,923.00 | Total | $ 1,278.00 | $ 3,508.57 |

* Self-Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.
Describe Other Income Notice: Alimony, child support or separate maintenance income need not be revealed if the
Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |



G P M W D 0 0 8 7 1 0 5 7 3 0 1 0 1

(Page 3 of 6)

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also. Completed: ☒ Jointly ☐ Not Jointly

| ASSETS | | Cash or Market Value | LIABILITIES AND PLEDGED ASSETS. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinance of the subject property. | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|---|
| Description | | $ 0.00 | | | |
| Cash deposit toward purchase held by: | | | | | |
| LIST CHECKING AND SAVINGS ACCOUNTS BELOW | | | LIABILITIES | | |
| Name and Address of Bank, S&L, or Credit Union | | | Name and Address of Company | $ Payment/Months | $ |
| Bank One | | | CITIMORTGAGE INC | 933.00 | 71,768.00 N |
| | | | 26360 Timber Trail | | |
| | | | | | |
| | | | Mortgage | | |
| Account No. 17367275 | | $ 35,013.00 | Account No. 20014418551203 | | |
| Name and Address of Bank, S&L, or Credit Union | | | Name and Address of Company | $ Payment/Months | $ |
| | | | G M A C | 273.00 | 7,837.00 N |
| | | | | | |
| | | | | 300 | |
| | | | Installment | | |
| Account No. | | $ | Account No. 45901078084 | | |
| Name and Address of Bank, S&L, or Credit Union | | | Name and Address of Company | $ Payment/Months | $ |
| | | | DISCOVER FINANCIAL SV | 22.00 | 988.00 N |
| | | | | | |
| | | | Revolving | | |
| Account No. | | $ | Account No. 601100554752 | | |
| Name and Address of Bank, S&L, or Credit Union | | | Name and Address of Company | $ Payment/Months | $ |
| | | | CITI | 32.00 | 695.00 N |
| | | | | | |
| | | | Revolving | | |
| Account No. | | $ | Account No. 542418031059 | | |
| Stocks & Bonds (Company name/number and description) | | $ | Name and Address of Company | $ Payment/Months | $ |
| | | | | | |
| | | | | | |
| Life Insurance net cash value | | $ 0.00 | Account No. | | |
| Face Amount: $ 0.00 | | | Name and Address of Company | $ Payment/Months | $ |
| Subtotal Liquid Assets | | $ 35,013.00 | | | |
| Real estate owned (enter market value from schedule of real estate owned) | | $ 300,000.00 | | | |
| Vested interest in retirement fund | | $ 0.00 | | | |
| Net worth of business(es) owned (attach financial statement) | | $ 0.00 | Account No. | | |
| Automobiles owned (make and year) | | $ | Name and Address of Company | $ Payment/Months | $ |
| | | | | | |
| | | | Account No. | | |
| Other Assets (itemize) | | $ | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ 0.00 | |
| | | | Job Related Expense (child care, union dues, etc.) | $ 0.00 | |
| | | | Total Monthly Payments | $ 480.00 | |
| Total Assets a. | | $ 335,013.00 | Net Worth (a minus b) $ 253,725.00 | Total Liabilities b. | $ 81,288.00 |

Uniform Residential Loan Application
—THE COMPLIANCE SOURCE, INC.—
www.compliancesource.com

Page 3 of 6

Freddie Mac Form 65; Fannie Mae Form 1003 01/04
00403LMI01 02/00 (04/03)
©2003, The Compliance Source, Inc.



G P M W D 0 0 8 7 1 0 5 7 3 0 1 0 1

## VI. ASSETS AND LIABILITIES (cont.)

### Schedule of Real Estate Owned (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | ↓ | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|---|
| 26360 Timber Trail, Dearborn Heights, MI, 48127 | R | SFR | 300,000.00 | 71,768.00 | 1,500.00 | 933.00 | 345.00 | -153.00 |
| | | | | | | | | |
| N TOTALS | | | 300,000.00 | 71,768.00 | 1,500.00 | 933.00 | 345.00 | -153.00 |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account No. |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION

| | | | | | |
|---|---|---|---|---|---|
| a. | Purchase price | $ 450,000.00 | j. | Subordinate financing | $ 67,500.00 |
| b. | Alterations, improvements, repairs | 0.00 | k. | Borrower's closing costs paid by Seller | 506.25 |
| c. | Land (if acquired separately) | 0.00 | l. | Other Credits (explain) | |
| d. | Refinance (include debts to be paid off) | 0.00 | | Other | 360,000.00 |
| e. | Estimated prepaid items | 300.00 | | | |
| f. | Estimated closing costs | 172.25 | m. | Loan Amount (exclude PMI, MIP, Funding Fee financed) | 67,500.00 |
| g. | PMI, MIP, Funding Fee | 0.00 | n. | PMI, MIP, Funding Fee financed | 0.00 |
| h. | Discount (if Borrower will pay) | 0.00 | o. | Loan Amount (add m and n) | 67,500.00 |
| i. | Total Costs (add items a through h) | $ 450,127.75 | p. | Cash from/to Borrower (subtract j, k, l, & o from i) | -44,366.00 |

## VIII. DECLARATIONS

| If you answer "yes" to any questions a through i, please use a continuation sheet for explanation. | Borrower Yes | Borrower No | Co-Borrower Yes | Co-Borrower No |
|---|---|---|---|---|
| a. | Are there any outstanding judgments against you? | ☐ | ☒ | ☐ | ☐ |
| b. | Have you been declared bankrupt within the past 7 years? | ☐ | ☒ | ☐ | ☐ |
| c. | Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ | ☒ | ☐ | ☐ |
| d. | Are you a party to a lawsuit? | ☐ | ☒ | ☐ | ☐ |
| e. | Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | ☐ | ☒ | ☐ | ☐ |
| f. | Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ | ☒ | ☐ | ☐ |
| g. | Are you obligated to pay alimony, child support, or separate maintenance? | ☐ | ☒ | ☐ | ☐ |
| h. | Is any part of the down payment borrowed? | ☐ | ☒ | ☐ | ☐ |
| i. | Are you a co-maker or endorser on a note? | ☐ | ☒ | ☐ | ☐ |
| j. | Are you a U.S. citizen? | ☒ | ☐ | ☐ | ☐ |
| k. | Are you a permanent resident alien? | ☐ | ☒ | ☐ | ☐ |
| l. | Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☒ | ☐ | ☐ | ☐ |
| m. | Have you had an ownership interest in a property in the last three years? | ☒ | ☐ | ☐ | ☐ |
| (1) | What type of property did you own — principal residence (PR), second home (SH), or investment property (IP)? | PR | | | |
| (2) | How did you hold title to the home — solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | SP | | | |

Uniform Residential Loan Application
—THE COMPLIANCE SOURCE, INC.—
www.compliancesource.com

Page 4 of 6

Freddie Mac Form 65; Fannie Mae Form 1003 01/04
00201MU04 03/00 (Rev. 03)
©2003, The Compliance Source, Inc.





G P M W D 0 0 8 7 1 0 5 7 3 0 1 0 1

Use the following area if you need more space to complete the Residential Loan Application.

## IX.  ACKNOWLEDGMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described herein; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated herein; (6) any owner or servicer of the Loan may verify or reverify any information contained in the application from any source named in this application, and Lender, its successors or assigns may retain the original and/or an electronic record of this application, even if the Loan is not approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature", as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X *Ban Seard* | 6-29-05 | X | |

## X.  INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may not discriminate neither on the basis of this information, nor on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation or surname. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the Lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☐ I do not wish to furnish this information. | | CO-BORROWER | ☐ I do not wish to furnish this information. | |
|---|---|---|---|---|---|
| Ethnicity: | ☐ Hispanic or Latino | ☐ Not Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino | ☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native | ☐ Asian  ☐ Black or African American | Race: | ☐ American Indian or Alaska Native | ☐ Asian  ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander | ☐ White | | ☐ Native Hawaiian or Other Pacific Islander | ☐ White |
| Sex: | ☐ Female | ☐ Male | Sex: | ☐ Female | ☐ Male |

| TO BE COMPLETED BY INTERVIEWER | Interviewer's Name (print or type) | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: ☐ Face-to-face interview ☐ Mail ☐ Telephone ☐ Internet | Interviewer's Signature                Date | |
| | Interviewer's Phone Number (include area code) | |

Uniform Residential Loan Application
—The Compliance Source, Inc.—
www.compliancesource.com

Page 5 of 6

Freddie Mac Form 65; Fannie Mae Form 1003 01/04

00301XU04 07/00 (04/03)
©2003, The Compliance Source, Inc.

G P M W D 0 0 8 7 1 0 5 7 3 0 1 0 1

**Continuation Sheet/Residential Loan Application**

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower | Borrower:<br>Bassam Swaydan | Agency Case Number: |
| | Co-Borrower: | Lender Case Number:<br>0087105730 |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et. seq.

| Borrower's Signature<br>X *Bassam W Swaydan* | Date | Co-Borrower's Signature<br>X | Date |

Uniform Residential Loan Application
—THE COMPLIANCE SOURCE, INC.—
www.compliancesource.com

Page 6 of 6

Freddie Mac Form 65; Fannie Mae Form 1003 01/04
00203MU04 07000 (04/03)
©2003, The Compliance Source, Inc.



G P M W D 0 0 8 7 1 0 5 7 3 0 1 0 1