UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASSAM SWAYDAN,

     Plaintiff,

vs.

COUNTRYWIDE HOME
LOANS SERVICING, LP and
GMAC MORTGAGE, LLC,

     Defendants.

_____/

Civil Action No.
09-CV-11760

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING IN PART THE MOTION OF DEFENDANT GMAC MORTGAGE, LLC, TO DISMISS THE COMPLAINT and REMANDING PLAINTIFF'S STATE LAW CLAIMS TO STATE COURT

     This matter is presently before the court on the motion of defendant GMAC Mortgage, LLC "(GMAC Mortgage") to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) [docket entry 3]. Plaintiff has filed a response and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

     Plaintiff alleges that in 2005 he purchased a house in Dearborn Heights, Michigan, for $460,000. *See* Compl. ¶¶ 5, 8. He financed the purchase by obtaining "a senior loan in the amount of $360,000.00 and a junior loan in the amount of $67,000.00 from Defendants Countrywide and GMAC respectively." *Id.* ¶ 9. Plaintiff allege that the "loan applications prepared by Defendants contained material misrepresentations regarding Plaintiff's ability to repay the mortgage loan," including overstating plaintiff's income. *Id.* ¶¶ 10-12. Further, defendants allegedly "fabricated the supposed fact that Plaintiff derived $1,500.00 in monthly rental income renting out his previous property" and "promised that the financing scheme utilized was meant to be temporary and that Plaintiff would be able to sell the Property or refinance the loans if paying the monthly loan

payments became problematic." *Id.* ¶¶ 13, 15.  Allegedly, "the mortgage loan payments the for loan that Defendants placed Plaintiff into turned out to be over 80% of Plaintiff's net monthly income" and he "now has missed several mortgage payments, and can no longer afford to make any payments towards his ill-begotten mortgage loan." *Id.* ¶¶ 14, 27.

Plaintiff asserts several claims based on state law and the following three claims based on federal law:  violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 (Count III); violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 (Count V); and violation of the Fair Credit Reporting Act ("FCRA") (Count VIII).  Defendant GMAC Mortgage, with the consent of co-defendant Countrywide Home Loans Servicing LP, removed the case from state court based on the presence of these federal claims.

In the motion now before the court, defendant GMAC Mortgage seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  In deciding such a motion, the court

> must construe the complaint in the light most favorable to Plaintiff, accept all well-pleaded factual allegations as true, and determine whether Plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle it to relief. . . . Yet, to survive a motion to dismiss, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* While the factual allegations in the complaint need not be detailed, they "must be enough to raise a right to relief above the speculative level"-they must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

*Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 Fed.Appx. 826, at *3 (6th Cir. 2009).

Defendant argues that plaintiff's claims under HOEPA and TILA are time-barred. Defendant notes that both of these claims are subject to the limitations period prescribed by 15

U.S.C. § 1640(e), which permits an action to be brought "within one year from the date of the occurrence of the violation." In the present case, the alleged violations were that defendant extended plaintiff credit "without regard to [his] ability to repay the debt"; that defendant "provided false interest rate, fee and monthly payment disclosures"; and that defendant did not provide Plaintiff[] with a Notice of Right to Cancel." Compl. ¶¶ 44, 56, 59. The one-year limitations period begins to run upon consummation of the transaction, which in this context means the closing of the loan. *See Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F. Supp.2d 1034, 1039 (D.Colo. 2008); *Tucker v. Beneficial Mortgage Co.*, 437 F. Supp.2d 584, 589-90 (E.D. Va. 2006). The loan now held by GMAC Mortgage was closed by Greenpoint Mortgage Funding, Inc., on June 29, 2005. Plaintiff filed the instant complaint three years and nine months later, on March 25, 2009.

In response plaintiff asserts that "either the limitations period is still in its infancy or the doctrine of equitable tolling applies." Pl.'s Resp. at 8. Clearly, the limitations period is not "in its infancy," given that nearly four years elapsed between the closing of the loan and the filing of the complaint. In support of his alternative argument, plaintiff states that "the information necessary for Swaydan to determine whether to enter into the loan transaction – i.e. GMAC's lending practices that would lead to a decline in property values – was withheld from Swaydan." *Id.* at 9.

The problem with plaintiff's argument is two-fold. First, as noted above, plaintiff's TILA and HOEPA claims are based on the allegations that GMAC Mortgage extended credit without regard to plaintiff's ability repay the debt and that it failed to make required disclosures, or provided false information, in the loan documents. The complaint does not allege that defendant's general "lending practices" caused a "decline in property values" in connection with the TILA or HOEPA claims. Second, even if this allegation had been made in either of these counts, it would not support a TILA or HOEPA claim as these statutes require lenders to disclose specifically

enumerated information.  *See* 15 U.S.C. § 1631 ("disclosure requirements"), § 1632 ("form of disclosure; additional information"), § 1638 (disclosure and timing requirements for transactions other than open end credit plans), § 1639 (disclosure, timing and other requirements for certain mortgages).  Plaintiff has pointed to no statutory provision, and the court is aware of none, requiring a mortgage lender to disclose information about its "lending practices."  For the same reason, it is nonsensical for plaintiff to base his claimed entitlement to application of equitable tolling on defendant's alleged "fraud" in failing to disclose something – i.e., "lending practices that would lead to a decline in property values" – that is not among the statutorily required disclosures.[1]

The court rejects plaintiff's argument that he should be allowed to conduct discovery to further develop the facts regarding application of this doctrine.  Plaintiff's TILA and HOEPA claims, as alleged in the complaint, are based on statements or omissions (e.g., plaintiff's income and loan terms) which were readily discoverable at the closing.  Just as in *Mills v. Equicredit Corp.*, 294 F. Supp.2d 903, 909 (E.D. Mich. 2003), "[b]y exercising due diligence, Plaintiffs could have discovered the terms of the loans by reading the loan documents."  Accordingly, the court concludes there is no basis for tolling the limitations period and that plaintiff's HOEPA and TILA claims are time-barred.[2]

---

[1] Plaintiff's citation to *Foster v. EquiCredit Corp.*, 2001 WL 177188 (E.D. Pa. Jan. 26, 2001), is inapposite.  In that case, the court found that the one-year limitations period of § 1640(e) was equitably tolled based on alleged misconduct committed by defendant after the closing.  The court apparently believed defendant's misconduct constituted "actively mislead[ing] the plaintiff respecting the plaintiff's cause of action."  *Id.* at *2.  No such post-closing misleading statements are alleged in the present case.  In fact, plaintiff does not allege that defendant took any action to conceal any of the alleged misstatements or omissions.

[2] To the extent plaintiff seeks rescission as opposed to damages under TILA or HOEPA, the claim is barred by the three-year statute of repose, *see* 15 U.S.C. 1635(f), which is not subject to tolling.  *See Beach v. Ocwen Federal Bank*, 523 U.S. 410, 419 (1998).

4

Plaintiff's other federal claim, presented in Count VIII and entitled "Defamation of Credit / Violation of Fair Credit Reporting Act," is based on the following allegations:

77. Defendants committed fraud against Plaintiffs in order to induce them into entering into the above-described transactions.

78. Defendants' fraud has ruined Plaintiffs financially.

79. It is because of Defendants' fraud that Plaintiffs cannot make their monthly mortgage loan payments.

80. As a result, it is patently untrue that Plaintiffs defaulted on bona fide financial obligation [sic] to Defendants.

81. Upon information and belief, Defendants have made or will make derogatory reports on Plaintiffs' credit reports that are patently untrue.

82. As a result, Plaintiffs have suffered or will suffer damage to their good name, fame and reputation in the community.

83. Plaintiffs also suffered or will suffer damage to their credit rating.

Defendant argues that plaintiff has failed to state a claim under the FCRA because this statute does not create a private right of action against a furnisher of credit information unless the furnisher fails to conduct an investigation upon being notified by a credit reporting agency of a dispute concerning the accuracy of a consumer's credit information. *See* 15 U.S.C. § 1681s-2. Defendant also argues that "defamation of credit" is a state law claim that is preempted by the FCRA. *See* 15 U.S.C. § 1681t(b)(1)(F). Plaintiff has not responded to either of these arguments. The court therefore deems Count VIII abandoned and shall dismiss it on the grounds suggested by defendant.

For the reasons stated above, the court shall dismiss plaintiff's claims under HOEPA

and TILA (Counts III and V) as time-barred and under the FCRA (Count VIII) for failure to state a claim.    Plaintiff has voluntarily dismissed his claims for accounting (Count I), wrongful foreclosure (Count II), and usury (Count XII).    When, as in the present case, "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  *Accord Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997).  Accordingly,

IT IS ORDERED that defendant GMAC Mortgage's motion to dismiss is granted as to plaintiff's claims under HOEPA, TILA and FCRA (Counts III, V and VIII).  The dismissal of these claims is with prejudice.

IT IS FURTHER ORDERED that plaintiff's claims for accounting, wrongful foreclosure and usury (Counts I, II and XII) are dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's remaining claims (Count IV, VI, VII, IX, X, and XI), as against defendant GMAC Mortgage, are remanded to the Circuit Court for the County of Wayne, State of Michigan.

<div style="margin-left: 40%;">

S/Bernard A. Friedman_____
</div>

Dated: July 17, 2009                      BERNARD A. FRIEDMAN
    Detroit, Michigan                      SENIOR UNITED STATES DISTRICT JUDGE